UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DHARMA R.B., <br><br> Petitioner, <br><br> v. <br><br> CHRISTOPHER CHESTNUT, et al., <br><br> Respondents. | No. 1:26-cv-00222-TLN-EFB <br><br> **ORDER** |

On January 12, 2026, the Court granted Petitioner's Motion for a Temporary Restraining Order ("TRO") and ordered Respondents to show cause why a preliminary injunction should not issue. (ECF No. 4.) On January 17, 2026, Respondents filed a response. (ECF No. 6.) Petitioner filed a reply on January 22, 2026. (ECF No. 7.) For the reasons set forth below, the Court issues the following preliminary injunction.

I.     F<small>ACTUAL AND</small> P<small>ROCEDURAL</small> B<small>ACKGROUND</small>[1]

Petitioner is a 33-year-old native and citizen of Nepal. (ECF No. 2 at 5.) Petitioner entered the United States on or about June 17, 2023 without presenting himself for inspection or

---

[1] Respondents do not dispute the facts provided by Petitioner and set forth in this Court's prior order. (*See generally* ECF No. 6.) As such, these facts are reiterated almost verbatim here for clarity.

1

seeking admission. (*Id.*) A Customs Border Protection ("CBP") Officer arrested Petitioner inside the United States and detained Petitioner. (*Id.*) Respondents initiated removal proceedings and released Petitioner on his own recognizance. (*Id.*)

On November 14, 2023, Petitioner filed an application for asylum and withholding of removal. (*Id.*) Petitioner is scheduled for a hearing on June 4, 2028. (*Id.*) While his immigration petitions have been pending, Petitioner made visits with the Department of Homeland Security ("DHS") Immigration and Customs Enforcement ("ICE") regularly and as required. (*Id.*) On December 2, 2025, Petitioner appeared for a routine appointment with ICE and was taken into custody that day. (*Id.*) Petitioner was transferred to the California City Correctional Center where he remains detained to date. (*Id.*)

On January 12, 2026, Petitioner filed a petition for writ of habeas corpus. (ECF No. 1.) The same day, Petitioner filed the instant TRO. (ECF No. 2.) The Court subsequently granted Petitioner's TRO (ECF No. 4.) and now considers whether a preliminary injunction should issue.

I. **STANDARD OF LAW**

For a preliminary injunction, courts consider whether a petitioner has established: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Petitioner must "make a showing on all four prongs" of the *Winter* test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

In evaluating a petitioner's motion, a district court may weigh petitioner's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the petitioner shows that there are "serious questions on the merits . . . so long as the [petitioner] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, a petitioner must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in petitioner's favor to issue the requested preliminary injunction. *Id.* at 1134–35.

**II.    ANALYSIS**

This Court previously found that Petitioner established a likelihood of success on each of the *Winter* elements sufficient to warrant relief as set forth in the TRO. (ECF No. 4.) Specifically, the Court found Petitioner had established a likelihood of success on his claim that his detention violated the Fifth Amendment Due Process Clause. (*See generally id.*)

Now, in response to the Order to Show Cause, Respondents argue this Court should not grant a preliminary injunction because Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)") and does not have a liberty interest. (ECF No. 6 at 1–2.) In response, Petitioner argues this statutory question need not be decided in light of the due process violations. (ECF No. 7 at 2.) The Court agrees with Petitioner.

As this Court held previously and is worth reiterating here, Petitioner gained a liberty interest in his continued freedom when he was released. (ECF No. 4 at 3.) Under the Supreme Court's decision in *Morrisey v. Brewer*, this release implied a promise that he would not be re-detained, during the pendency of his immigration proceedings, if he abided by the terms of his release. 408 U.S. 471, 482 ("[T]he government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release].'") Here, Petitioner claims he complied with all his reporting obligations and Respondents do not contest this. As such, the Court finds no reason to deviate from its prior conclusion that Petitioner has sufficiently established he is likely to succeed on his Fifth Amendment Due Process claim and incorporates its prior analysis here.

Finally, Respondents do not challenge Petitioner's arguments as to the remaining *Winter* factors for irreparable harm, balance of equities, and public interest. Because the standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction, *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), the Court again incorporates its reasoning from the TRO on these remaining factors. (*See* ECF No. 4 at 5.)

///

### III. CONCLUSION

In sum, to prevent further irreparable harm, the Court issues a PRELIMINARY INJUNCTION as set forth below:

1. Respondents are further ENJOINED AND RESTRAINED from imposing any additional restrictions on Petitioner Dharma R.B., unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.

2. Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a hearing before a neutral fact-finder where: (a) Respondents show there are material changed circumstances which demonstrate that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have his counsel present.

3. The bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this one. *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011).

4. This matter is referred back to the United States Magistrate Judge for a determination on the merits.

IT IS SO ORDERED.

Date: January 26, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

4